Anthony QUEEN, Appellant,

v.

MINNEAPOLIS PUBLIC SCHOOLS, SPECIAL SCHOOL DISTRICT NO. 1, Respondent.

No. C9–91–1434.

Court of Appeals of Minnesota.

Feb. 4, 1992.

Steven J. Kinnunen, St. Paul, for appellant.

Eric J. Magnuson, William J. Egan, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and SHORT, JJ.

## OPINION

HUSPENI, Judge.

Appellant challenges the trial court's finding that respondent school district was not required to provide legal counsel in action by third party. We affirm.

## FACTS

Appellant Anthony Queen was a teacher employed by respondent school district. In January of 1989, Melissa Welch alleged that she and Queen had engaged in a long-term sexual relationship while she was a student in the school district. The school district initiated termination proceedings against Queen, and in January of 1990 an independent hearing examiner found that a sexual relationship had in fact occurred while Welch was a student. Pursuant to this finding, the Minneapolis School Board voted to fire Queen for immoral behavior and conduct unbecoming a teacher. Queen challenged his termination, and this court upheld the school board's decision. *Queen v. Minneapolis Pub. Sch., Special Sch. Dist. No. 1*, No. C3–90–835, 1990 WL 146608 (Minn.App. Oct. 9, 1990).

In July of 1990, Welch sued both Queen and the school district ("Welch action"), alleging battery, intentional infliction of emotional distress, and negligence. Queen requested that the school district provide his legal counsel in the Welch action. The school district refused, and Queen brought this declaratory judgment action to determine whether the school district was obligated to provide his legal counsel.

Minnesota Statute section 127.03 provides in part:

Upon written request of the teacher involved, any school district, however organized, *shall provide legal counsel for any school teacher against whom claim is made* or action is brought for recovery of damages in any tort action involving physical injury to any person * * * arising out of or in connection with the em-

ployment of such teacher with such school district.

Minn.Stat. § 127.03, subd. 2 (1990) (emphasis added).

Minnesota Statute section 466.07 provides in part:

Subject to the limitations in section 466.-04, a municipality or an instrumentality of a municipality *shall defend and indemnify* any of its officers and employees * * * for damages, including punitive damages, claimed or levied against the officer or employee, *provided that the officer or employee:*

\* \* \* \* \* \*

(2) *was not guilty of malfeasance in office*, willful neglect of duty or bad faith.

Notwithstanding any provisions to the contrary in section 127.03, subdivision 2 or 466.12 this section applies to all school districts, however organized.

Minn.Stat. § 466.07, subd. 1 (1990) (emphasis added).

The trial court found that section 466.07 relieves a school district of its obligation under section 127.03 to provide legal counsel where a teacher is guilty of malfeasance in office. The trial court concluded that because Queen was guilty of malfeasance in office, the school district was not required to provide for his defense in the Welch action. Queen appeals from the trial court's grant of summary judgment.

## ISSUE

Is the school district obligated under Minn.Stat. §§ 127.03, subd. 2 and 466.07, subd. 1 (1990) to provide for Queen's defense?

## ANALYSIS

The trial court applied statutory language to a set of undisputed facts; "[t]herefore, its conclusion was one of law and does not bind this court." *A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

"The object of all interpretation and construction of laws is to ascertain and effec-

tuate the intention of the legislature." Minn.Stat. § 645.16 (1990); *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986). The Minnesota Supreme Court has explained:

Our first task in interpreting a statute is simply to examine the language of the statute and, "[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."

*Swenson v. Emerson Elec. Co.*, 374 N.W.2d 690, 699 (Minn.1985) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)), *cert. denied*, 476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986).

Section 466.07 imposes a duty upon municipalities to "defend and indemnify" officers and employees unless guilty of "malfeasance in office." Minn.Stat. § 466.07, subd. 1(2). Queen urges this court to interpret this language in a strictly conjunctive sense, and find that section 466.07 imposes a duty to *both* "defend and indemnify" unless the employee is guilty of malfeasance in office. Under this interpretation, an employee's malfeasance in office relieves a municipality only of its duty to *both* "defend and indemnify" under section 466.07, and does not affect the duty to defend imposed by section 127.03.

While Queen's interpretation of section 466.07 is logical when applied in a vacuum, we are unconvinced that this is the proper interpretation of section 466.07 as it relates to section 127.03. We agree that "[t]extualism can control statutory interpretation only if the text itself offers a complete and reasonably determinate source of meaning." William N. Eskridge, Jr. & Phillip P. Frickey, *Statutory Interpretation as Practical Reasoning*, 42 Stan.L.Rev. 321, 341 (1990). "The plain meaning approach is unhelpful * * * when the context produces interpretive doubt." Cass R. Sunstein, *Interpreting Statutes in the Regulatory State*, 103 Harv.L.Rev. 405, 419 (1989).

Thus, where the language of the statute is ambiguous, this court must

> determine the probable legislative intent and give the statute a construction that is consistent with that intent.

*Tuma,* 386 N.W.2d at 706.

We find the language of section 466.07 to be ambiguous in its relation to section 127.-03. Therefore, it is necessary for this court to determine the probable legislative intent behind the statute. *Tuma,* 386 N.W.2d at 706.

The predecessor to section 466.07 provided:

> Each municipality or any instrumentality thereof *shall indemnify and provide defense* for any employee or officer against judgments or any amounts paid in settlement actually and reasonably incurred in connection with any tort claim or demand arising out of an alleged act or omission occurring within the scope of * * * employment or official duties, subject to the limitations set forth in section 466.04. The *provisions of this subdivision requiring indemnification do not apply in the case of malfeasance* in office or willful or wanton neglect of duty.

Minn.Stat. § 466.07, subd. 1a (1982) (repealed 1987) (emphasis added).

The Minnesota Supreme Court interpreted this predecessor to section 466.07 in *Horace Mann Ins. Co. v. Independent Sch. Dist. No. 656,* 355 N.W.2d 413 (Minn. 1984). In rejecting the contention of the school district that under the statutes it had no duty to either defend or indemnify a teacher charged with sexual misconduct, the *Horace Mann* court stated:

> [T]here is no merit to this argument. Section 127.03, subd. 2, clearly establishes an absolute duty to defend [the teacher]. Moreover, section 466.07, subd. 1a, mandates a duty to defend. The latter section only limits the school district's obligation to indemnify against judgments or settlements if malfeasance or willful or wanton neglect of duty exists.

*Id.* at 420. Thus, under the law as it existed prior to 1987, the presence of malfeasance resulted in the school district being relieved of only its duty to indemnify, not its duty to defend. *See* Peter S. Popovich, Donald W. Niles & Michael T. Miller, *Recent Developments in Minnesota Education Law,* 13 Wm. Mitchell L.Rev. 1, 13 (1987).

The legislature repealed section 466.07, subdivision 1a in 1987, replacing it with section 466.07, subdivision 1. 1987 Minn. Laws 79, § 3. While the new section 466.-07, subdivision 1 provides for the duty to defend and indemnify, it relieves the municipality of its duty to both defend and indemnify when malfeasance in office is present. *Id.,* § 2. This change, enacted some two-and-one-half years after *Horace Mann,* effectively overruled that case on its determination of duty to defend.

The legislature's intent in drafting section 466.07, subdivision 1 was, we believe, to ensure that public funds were not used to defend employees, including teachers, guilty of malfeasance in office. That intent is effectuated only by interpreting section 466.07 to relieve a school district of its duty to defend a teacher under section 127.03 where the teacher is guilty of malfeasance in office.[1]

### DECISION

The trial court correctly found that the school district did not have an obligation under Minn.Stat. § 127.03, subd. 2, to provide for Queen's defense where Queen was guilty of malfeasance in office.

Affirmed.

---

**1.** Queen has not contested in this appeal that he is guilty of malfeasance in office. Accordingly, we do not address the issue of the municipality's duty to defend under either Minn.Stat. §§ 127.03 or 466.07 upon the mere allegation of malfeasance.